HELENA FLINT *et al., v.* RICHARD GEORGE *et al.*

*Supreme Court, Second Department, General Term, December 9, 1889.*

*Mortgage. Foreclosure.*—Where a bidder on a foreclosure sale pays the percentage thereon and assigns his bid to a party who is to procure a loan to complete the sale, but fails to do so, and the property is resold for sufficient to pay the claim and costs, the first bidder, or his assignee of the percentage, is entitled to its repayment.

Appeal by Louis Mendel from order directing payment by the referee of the sum of $3,070 to the North River Bank. The facts appear sufficiently in the opinion.

*B. C. Oppenheim*, for appellant.

*W. C. Holbrook*, for respondents.

BARNARD, P. J.—At the sale of certain mortgaged

premises in Westchester county, one Joseph Cunningham was the highest bidder. The condition of sale required a payment of ten per cent. which Cunningham paid to the referee. Cunningham assigned the bid to Mr. Oppenheim, and Oppenheim stated to the referee that he could not complete the purchase. The property was again sold, and brought enough without this ten per cent. to pay the claim and costs. Cunningham after the sale assigned his interest in the ten per cent. to the North River Bank. Oppenheim assigned to one Mendel. The bank and Mendel each claim the money. Oppenheim never had any title to the ten per cent. The bid was paid by Cunningham, and Oppenheim was to aid in procuring a loan to complete the purchase. The undertaking failed, and Oppenheim at no time had any right to the ten per cent. If it had been used in the completion of the purchase, an account of it must have been made to Cunningham, and the completed purchase was to be in Cunningham's interest. The Oppenheim claim is made up of legal service, searches and interest on the proposed loan to complete the purchase, which all rest upon an averment that Cunningham failed to get the security needed to procure the loan which Oppenheim was to get.

The transaction fails to show, therefore, any title in the ten per cent. in Oppenheim and, of course, none in Mendel as his assignee.

The case of Proctor *v.* Farnam, 5 Paige, 614, was an absolute assignment of the bid, and the only question was whether the assignee of the bid was entitled to the deed.

The order should be affirmed, with costs and disbursements.

PRATT, J., concurs.